# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LOMAKO,<br><br>          Plaintiff,<br><br>     v.<br><br>S. WHITLACH, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:05-CV-01396-REC-LJO-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 1) |

I.   Screening Order

    A.   Screening Requirement

Plaintiff Justin Lomako ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 7, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Eighth Amendment Medical Care Claim

The events at issue in the instant action allegedly occurred at the California Correctional Institution ("CCI") in Tehachapi, where plaintiff was housed at the time. Plaintiff names Appeals Coordinator S. Whitlach and the warden of CCI as defendants, and seeks monetary and injunctive relief. In his complaint, plaintiff alleges that he was denied his dental and medical orthopedic appliances while he was at CCI.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff's claim for relief in this action is based on the confiscation of his dental and medical appliances and is therefore brought under the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

1  risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).
2  Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities
3  regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344
4  (9th Cir. 1981) (internal citation omitted). Rather, to prevail on a deliberate indifference claim,
5  plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under
6  the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk
7  to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations
8  omitted).

9       A claim for relief under section 1983 must be based on each defendant's personal
10  involvement in the deprivation of rights. In this instance, plaintiff has not alleged any facts that
11  would support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to
12  [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. The court will provide plaintiff with the
13  opportunity to file an amended complaint setting forth factual allegations linking each defendant to
14  acts or omissions that violated plaintiff's rights. Further, although the court is mindful that the
15  federal system is one of notice pleading, plaintiff must allege some facts which would support a
16  claim that defendants acted with deliberate indifference.

17       With respect to defendant Whitlach, who screened out plaintiff's inmate appeal on September
18  6, 2005, consideration of an inmate appeal, including the decision to screen out the appeal, does not,
19  alone, support a claim for deliberate indifference to plaintiff's serious medical needs. The inmate
20  appeals process "does not confer any substantive right upon" plaintiff and does not serve as a basis
21  for the imposition of liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.
22  1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza,
23  334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement
24  to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence
25  of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640
26  (9th Cir. 1988). Absent the existence of allegations indicating actual involvement in plaintiff's care,
27  actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a
28  § 1983 action. Buckley, 997 F.2d at 495.

C. Conclusion

The court finds that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983 for deliberate indifference to plaintiff's serious medical needs. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

With respect to supervisory defendants such as the warden, liability may _not_ be imposed under section 1983 for the actions of subordinate employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint

5

1  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
2  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
3  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
4  of each defendant must be sufficiently alleged.

5        Accordingly, based on the foregoing, it is HEREBY ORDERED that:

6      1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
7          upon which relief may be granted under section 1983;

8      2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

9      3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
10         amended complaint; and

11     4.    If plaintiff fails to file an amended complaint in compliance with this order, the court
12         will recommend that this action be dismissed, with prejudice, for failure to state a
13         claim upon which relief may be granted.

15  IT IS SO ORDERED.

16  **Dated:   May 18, 2006**                    **/s/ Lawrence J. O'Neill**
    b9ed48                                       UNITED STATES MAGISTRATE JUDGE