UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LOMAKO, | CASE NO. 1:05-cv-01396-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| S. WHITLACH, et al., | |
| Defendants. | (Doc. 11) |
| | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| | (Doc. 11) |

I.  Screening Order

　　A.  Procedural History

Plaintiff Justin Lomako ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 7, 2005. On May 19, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. Plaintiff filed an amended complaint on July 14, 2006, within which plaintiff moved for the appointment of counsel.

　　B.  Motion for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern

1  District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional
2  circumstances the court may request the voluntary assistance of counsel pursuant to section
3  1915(e)(1).  Rand, 113 F.3d at 1525.

4  Without a reasonable method of securing and compensating counsel, the court will seek
5  volunteer counsel only in the most serious and exceptional cases.  In determining whether
6  "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
7  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
8  of the legal issues involved."  Id. (internal quotation marks and citations omitted).

9  In the present case, the court does not find the required exceptional circumstances.  Even if
10 it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
11 which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
12 similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a
13 determination that plaintiff is likely to succeed on the merits, and based on a review of the record
14 in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.
15 Accordingly, plaintiff's motion for counsel shall be denied.

16     C.    Screening Requirement

17 The court is required to screen complaints brought by prisoners seeking relief against a
18 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
19 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
20 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
21 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
22 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
23 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
24 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

25 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
26 exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.
27 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and
28 plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

"Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### D. Plaintiff's Claims

The events at issue in the instant action allegedly occurred at the California Correctional Institution ("CCI") in Tehachapi, where plaintiff was housed at the time. In his amended complaint, plaintiff alleges that he was denied his dental and medical orthopedic appliances while he was at CCI. However, it appears that plaintiff omitted an attachment, as the amended complaint does not set forth any specific facts in support of plaintiff's claims, and refers to a missing attachment for the names of the defendants. Plaintiff will be provided with one final opportunity to amend to cure the deficiencies in his claims. Plaintiff alleges that his rights under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment were violated. Those claims are addressed in the following subsections.

#### 1. Eighth Amendment Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .

. . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff's claim for relief in this action is based on the confiscation of his dental and medical appliances and is therefore brought under the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). Rather, to prevail on a deliberate indifference claim, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

A claim for relief under section 1983 must be based on each defendant's personal involvement in the deprivation of rights. In this instance, plaintiff has not alleged any facts that would support a claim that any defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Accordingly, plaintiff fails to state a claim for relief under the Eighth Amendment.

        2.     Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff's amended complaint is devoid of any facts which would support an equal protection claim. Accordingly, the claim fails.

E. Conclusion

The court finds that plaintiff's amend complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with one final opportunity to amend to cure the deficiencies in his claims.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

With respect to supervisory defendants such as the warden, liability may not be imposed under section 1983 for the actions of subordinate employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once

6

plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, set forth in his amended complaint filed on July 14, 2006, is DENIED;

2. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;

3. The Clerk's Office shall send plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint; and

5. If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **February 27, 2007**          **/s/ Dennis L. Beck**
3b142a                                         UNITED STATES MAGISTRATE JUDGE