# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LOMAKO,<br><br>  Plaintiff,<br><br>   v.<br><br>S. WHITLACH, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:05-cv-01396-LJO-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 14) |

I.  Findings and Recommendations Following Screening of Second Amended Complaint

   A.   Procedural History

   Plaintiff Justin Lomako ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 7, 2005. On May 19, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. Plaintiff filed an amended complaint on July 14, 2006, and on February 27, 2007, the court dismissed plaintiff's amended complaint for failure to state a claim upon which relief may be granted, with one final opportunity to amend. Plaintiff filed a second amended complaint on March 28, 2007.

   B.   Screening Requirement

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      C.     Plaintiff's Claims

The events at issue in the instant action allegedly occurred at the California Correctional Institution ("CCI") in Tehachapi, where plaintiff was housed at the time. The basis for plaintiff's unspecified legal claims is the confiscation of his dental and orthopedic appliances after he was transferred to CCI to serve the remainder of his Security Housing Unit ("SHU") term. Pursuant

1  to a policy, the appliances were considered contraband in the SHU and plaintiff was required to
2  mail them home.
3      The Civil Rights Act under which this action was filed provides:
4      Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
5      deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
6      law, suit in equity, or other proper proceeding for redress.
7  42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal
8  Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
9  (internal quotations omitted). "To the extent that the violation of a state law amounts to the
10 deprivation of a state-created interest that reaches beyond that guaranteed by the federal
11 Constitution, Section 1983 offers no redress." Id.
12     Section 1983 plainly requires that there be an actual connection or link between the
13 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
14 Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
15 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the
16 meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative
17 acts or omits to perform an act which [that person] is legally required to do that causes the
18 deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006)
19 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal
20 connection can be established not only by some kind of direct, personal participation in the
21 deprivation, but also be setting in motion a series of acts by others which the actor knows or
22 reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting
23 Johnson at 743-44).
24     Plaintiff's second amended complaint is devoid of any facts linking the named defendants
25 to a deprivation of plaintiff's rights under federal law. Because plaintiff's second amended
26 complaint does not state any claims upon which relief may be granted under section 1983, the
27 court shall recommend dismissal of this action, with prejudice.
28 ///

D.     Conclusion

Plaintiff's second amend complaint does not state any claims upon which relief may be granted under section 1983. Plaintiff has been provided with two opportunities to cure the deficiencies in his claims but has been unable to do so. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state any claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 19, 2007**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE